**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| XIFI NETWORKS R&D, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-01057-JRG |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD. | § | |
| and SAMSUNG ELECTRONICS | § | |
| AMERICA, INC., | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Stay Proceedings Pending Inter Partes and Post-Grant Review (the "Motion") filed by Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Defendants," or "Samsung"). (Dkt. No. 51.) Having considered the Motion and related briefing, the Court finds that it should be and hereby is **DENIED**.

### I.      BACKGROUND

Plaintiff XiFi Networks R&D, Inc. ("Plaintiff," or "XiFi") filed the above-captioned case against Samsung on December 17, 2024. (Dkt. No. 1.) XiFi filed the First Amended Complaint ("FAC"), which remains operative in this case, on March 11, 2025. (Dkt. No. 13.) The FAC asserts eleven patents from a single family, each claiming priority to provisional applications filed in October 2013. (Dkt. No. 51 at 2.)

Samsung filed seven *inter-partes* review ("IPR") petitions challenging seven of the asserted patents on July 3, 2025, and filed an eighth IPR petition challenging an eighth asserted patent on July 10, 2025. (*Id*. at 2-3.) On July 21, 2025, Samsung filed three post-grant review ("PGR") petitions challenging the remaining three patents, which were eligible for PGR. (*Id*. at 3.)

On December 23, 2025, the PTAB instituted review on every challenged claim of every asserted patent, with the final written decisions to issue by mid to late December 2026. (*Id*.) Samsung then filed the Motion on January 23, 2026. (*Id*.)

## II.    LEGAL STANDARD

The Court has the inherent power to control its own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). How to best manage the Court's docket "calls for the exercise of judgement, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936). "District courts typically consider three factors when determining whether to grant a stay pending inter partes review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *Resonant Sys., Inc. v. Nintendo Co.*, No. 2:25-cv-00090-JRG, 2025 WL 2097883, at *1 (E.D. Tex. July 25, 2025) (internal citation omitted).

## III.    ANALYSIS

Having considered the three stay factors, the Court finds that on balance, the factors tilt against granting Samsung's requested stay.

### A.  Prejudice to XiFi

Samsung asserts that XiFi will suffer little to no prejudice from a stay because it is a non-practicing entity seeking only damages, and the PTAB's final written decisions are due in December 2026, only two months after the currently set October 19, 2026 trial date. (Dkt. No. 51 at 8-9.) Samsung further asserts that there is little to no risk of evidence loss or unavailability due to a stay. (*Id*. at 9.)

XiFi responds that it has already run into issues accessing documents and deposing witnesses about the 2008-2013 window in which there are open questions and issues regarding patent ownership in this case, and that "access to relevant documents and witness' memories from 2008-2013 will become more challenging as time passes for a stay." (Dkt. No. 54 at 4.) XiFi cites two depositions it has already taken in which witnesses could not recall details about events from 2012, and there remain at least seven additional third parties it has subpoenaed which it has not had the chance to take testimony from yet. (*Id*. at 4-5.) The PTAB will not and cannot address the ownership issues XiFi is collective evidence on now.

Additionally, the delay to this case that would result from waiting for PTAB decisions and potential appeals which will not issue until after the current trial date is prejudicial to XiFi. *See, e.g., Realtime Data LLC v. Actian Corp.*, No. 6:15-cv-00463, 2016 WL 934076 (E.D. Tex. Nov. 29, 2016); *Allure Energy, Inc. v. Nest Labs, Inc.*, No. 9:13-cv-00102, 2015 WL 11110606 (E.D. Tex. Apr. 2, 2015).

Finally, "this Court has repeatedly found that a delay in recovering monetary damages is far from non-prejudicial and is entitled to weight under this factor." *Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson*, No. 2:21-cv-01130, 2022 WL 17484264, at *2 (E.D. Tex. July 7, 2022) (internal citation omitted). Accordingly, the Court finds that XiFi would indeed be prejudiced by a stay of this action such that the prejudice factor weighs against the stay.

### B.  Stage of Proceedings

Samsung asserts that "[t]he most resource-intensive work remains ahead" in this case, given that it filed the Motion with four months left in fact discovery, prior to claim construction briefing, and before expert reports were prepared and exchanged. (Dkt. No. 51 at 7.) Samsung

places much emphasis on its filing of the IPR and PGR petitions "a mere twenty-four days after first serving its Answer." (*Id.*)

XiFi responds that it filed its initial complaint nearly 14 months prior to Samsung moving to stay this case, and that in the interim time the parties have "exchanged infringement and invalidity contentions and each produced thousands of documents, including thousands of third-party documents." (Dkt. No. 54 at 8.) Further, "Samsung has served 24 third-party subpoenas, supplemented or requested XiFi's consent to supplement six invalidity contention charts, served and narrowed email search terms, and deposed two fact witnesses and one ESI custodian witness," while XiFi "has completed its document production, is actively attempting to coordinate source code review dates, and has collected 10 email accounts and is reviewing tens of thousands of emails responsive to Samsung's search terms. (*Id.*)

Samsung did not begin filing for IPR and PGR until July 2025, after this case had already been pending for seven months. Samsung waited an additional month from when the IPR and PGR trials were instituted in December 2025 to file the Motion in late January 2026. This Court has previously held that "failure to demonstrate diligence in the filing of IPR petitions weighs against a decision to stay," as does "[a] decision to wait over a month to file [the subsequent motion to stay pending IPR]." *St. Lawrence Commc'ns LLC v. ZTE Corp.*, No. 2:15-cv-00349, 2017 WL 3396399, at *2 (E.D. Tex. Jan. 17, 2017) (internal citation omitted).

During Samsung's delay in filing for IPR, and its additional month of delay in moving for a stay, this case has progressed well into fact discovery and is approaching the *Markman* hearing. Accordingly, the Court finds that this factor weighs against a stay as well.

### C. Simplification of the Issues

Finally, Samsung states that "[i]nstitution on all asserted patents makes simplification certain." (Dkt. No. 51 at 4.) It argues that because the PTAB will consider § 103 challenges to all patents on which it has instituted IPR, and additional §§ 101 and 112 challenges for the PGR patents, "[t]he likelihood of simplification is substantial." (*Id.*) Samsung asserts that the PTAB instituting on every challenged claim of every challenged patent, including wide-ranging PGR consideration for three of the asserted patents, sets this case apart such that the simplification factor strongly favors a stay. (*Id*. at 5-6.)

XiFi responds that the statistics Samsung cites regarding invalidation of claims following the institution of IPR in other cases amount to nothing more than speculation as to whether a stay in this case would simplify any issues. (Dkt. No. 54 at 11.) XiFi further responds that statutory estoppel will not simplify this case, "because Samsung has already agreed to not raise every single § 102 and § 103 ground it would be estopped from raising," and because "Samsung has already… agreed to not raise any grounds of invalidity under § 112 [or § 101] that could have reasonably been raised before the Board." (*Id*. at 13-14 (internal citations omitted).) Finally, even if the PTAB were to invalidate any claims of any of the three PGR patents on §§ 101 or 112 grounds, XiFi states that "[t]his Court must still consider the eligibility of all eight IPR-patents separately and is not bound by any conclusions reached or analysis performed by the PTAB" due to the differences between the IPR and the PGR patents. (*Id*. at 14.)

Courts in this District are "reluctant to rely upon" mere "assumptions and statistics" regarding what the PTAB is "likely" to do given the IPRs it has instituted. *Maxell Ltd. v. Apple Inc.*, No. 5:19-cv-00036, 2020 WL 10458088, at *3 (E.D. Tex. Nov. 17, 2020). Further, given that the PTAB must now institute review "for all challenged claims even if the PTAB concludes at the

petition stage that the petitioner did not show a reasonable likelihood that it would prevail for some challenged claims," courts in this District have acknowledged that "institution decisions are not as useful as they were in the past for providing an indication of whether all claims would be found unpatentable." *Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No. 2:18-cv-00390, 2019 WL 3826051, at *2 (E.D. Tex. Aug. 14, 2019). Accordingly, the Court determines that this factor is neutral, or at best weighs only slightly in favor of a stay.

## IV.    CONCLUSION

On balance, the Court finds that the factors do not support Samsung's requested stay pending IPR and PGR. Accordingly, for all the reasons stated herein, Samsung's Motion to Stay (Dkt. No. 51) is **DENIED**.

## So Ordered this

**Mar 12, 2026**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE